IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOANG QUANG TRUONG, #643545, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0049-G |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID), in Fort Stockton, Texas. Defendants are TDCJ-CID Director Nathaniel Quarterman, Region Four Director Bruce Zeller, Warden Eduard Carmona, Director of Review and Release Reta Flore, and Director of Classification and Records Joni White. The court has not issued process in this case. However, on January 17, 2008, the Magistrate issued a questionnaire to Plaintiff, who filed his answers on January 28, 2008.

Statement of Case: The complaint seeks release from custody because Plaintiff allegedly discharged his twenty-year sentence in Nos. F93036385 and F93056955 over nine years ago.

(Complaint at 7). Liberally construed the complaint challenges the computation of time credits on Plaintiff's sentence. Plaintiff claims that the Board of Pardon and Parole improperly forfeited good time and work time credits, and that he is presently incarcerated under a servitude contract. (Brief in Support attached to Complaint at 3-4).

<u>Findings and Conclusions</u>: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's request for reinstatement of forfeited time credits so that he may discharge his sentence are cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (where a petitioner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'"); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek

immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

28 U.S.C. § 2254(b) and (c) provide that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). The normal procedural mechanism for presenting disputes over time credits when the time for direct appeal has passed has historically been by a post-conviction petition for writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008), and more recently, by resorting first to the procedure outlined in Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2008) before filing the state habeas application. *See Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (concurring opinion) (noting inmate may apply for a writ of habeas corpus under Article 11.07 after inmate receives written decision issued by highest authority provided for in the resolution system).

In answer to the questionnaire, Petitioner concedes he has not submitted a time credit dispute under § 501.0081. (*See* Answer to Questions 1). Nor has he filed a state habeas application pursuant to art. 11.07 raising the claims at issue in this case. (*See* Answer to Question 2). As such his complaint, construed as a petition for a writ of habeas corpus, should be dismissed without prejudice to Plaintiff's right to refile after exhausting state habeas corpus

remedies. *See* 28 U.S.C. § 2254(b).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS Plaintiff's complaint, construed as a petition for a writ of habeas corpus, without prejudice to Plaintiff's right to refile after exhausting state habeas corpus remedies. *See* 28 U.S.C. § 2254(b).

A copy of this recommendation will be mailed to Plaintiff.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.